*Ex parte* Brown.

November 8th.   After the Court had finished the regular hearing of non-enumerated motions for the term, in general be heard after the hearing of non-enumerated motions has been closed for the term : though the cause of the motion arose so late that it could not be noticed four days before such close.

A notice of such a motion may be for a day which happens after the close of non-enumerated business ; but it is at the peril of the party ; and if this business be closed before the day arrive, he cannot make the motion, but must pay costs.

Where the cause of the motion arises thus late, *it seems,* the safer course is to obtain a judge's order to stay proceedings.

But in a case where such an order cannot have any effect, the court will hear the motion, after the non-enumerated business is closed.

The supreme court will not interfere by mandamus to control the mere chamber business of a judge of the common pleas.

*Margin notes:*

Ex parte Brown.

The C. P. may set aside, or otherwise control an execution issued by the county clerk, on a judgment rendered by a justice of the peace, transcribed, and docketed by the clerk of the county.

A non-enumerated motion will not

ALBANY,
Oct. 1825.

Ex parte
Brown.

*A. Spencer* moved for a mandamus to the first Judge of the Court of Common Pleas of the city and county of New York, commanding him to vacate certain orders which he had made on the 1st inst. discharging one Smith upon common bail, in certain actions brought against him in that Court by Brown. Notice of the motion had been given for to day.

*J. L. Wendell,* contra, objected that it was too late in term for the motion, the non-enumerated motions being closed.

*Spencer* said, the cause of the motion had arisen so late that 4 days notice of the motion could not be given for a day in term preceding the close of the non-enumerated motions; and that as no operative order could be given at chambers by a Judge of this Court, to stay the proceedings in the Court below, or control it in any way upon the subject of the motion, it was an exception to the general rule.

*Curia.* We have generally refused to hear non-enumerated motions after that class of business is closed for the term; and this though the cause of the motion may have arisen too late to admit of a notice at an earlier day. The notice may be given for any day in term, if there be an excuse for not giving it for the first; but it is at the peril of the party. If the business close before the day of the notice arrive, he must take his order from a judge or commissioner to stay proceedings, and renew his notice for the next term. We have this very term given costs for attending to oppose a motion under these circumstances; though counsel were in Court prepared to make it pursuant to the notice. But we consider the present motion an exception to our general rule. An order to stay proceedings would be inoperative. We will, therefore, hear the motion.

The motion was accordingly heard; but

*The Court,* on the merits of the application being further disclosed, said they must deny it; being clear against interfering by mandamus touching the mere chamber business of a Judge of the Common Pleas.

                                                        Motion denied.